UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DORNELLA CONNER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Cause No. 4:15-cv-01703 |
| | ) |
| JOHN DOE I, ST. LOUIS COUNTY | ) |
| POLICE OFFICER, et al., | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANT ST. LOUIS COUNTY'S MEMORANDUM
IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant St. Louis County asks the Court to dismiss the only claim against it (Count II) because the County enjoys sovereign immunity pursuant to pursuant to §537.600 R.S. Mo.

**Standard of Review**

The applicable pleading standard for a Motion to Dismiss is set forth in Fed. R. Civ. P. 12(b)(6).  The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint.  Fed. R. Civ. P. 8(a) requires a short and plain statement of the facts showing that the pleader is entitled to relief.  *M.M. Silta, Inc. v. Cleveland Cliffs, Inc.,* 616 F.3d 872, 876 (8th Cir. 2010). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp., v. Twombly,* 550 U.S. 544, 570 (2007)).

When ruling on a motion to dismiss, a court must liberally construe the complaint in favor of the plaintiff. *Huggins v. FedEx Ground Package Sys., Inc.,* 592 F.3d 583, 862 (8th Cir. 2010). At the same time, if a plaintiff fails to allege one of the elements necessary to recovery on a legal theory, the claim must be dismissed for failure to state a claim upon which relief can be

granted. *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011). And while courts must accept all factual allegations as true, they are not bound to take as true legal conclusions couched as factual allegations. *Iqbal,* 556 U.S. at 677-78. In summary, a plaintiff must include sufficient factual information to provide "grounds" on which the claim rests, and to raise a right to relief above a speculative level. *Twombly,* 550 U.S. at 555.

### Plaintiff Fails to State a Claim in Count II

Plaintiff appears to assert a claim for negligence against St. Louis County in Count II. She in alleges ¶¶ 37 and 38 that defendant has a duty to provide responsive and effective operations of its police personnel, and a duty to establish proper policies, customs, supervision and regulation. Ms. Conner goes on in ¶¶ 40 to 42 to allege that Defendant County was negligent in its practices, and in ¶ 44 that her injuries were directly caused by the failures, negligence and carelessness of defendants.

St. Louis County enjoys sovereign immunity pursuant to §537.600 R.S.Mo. for actions based on negligence, including police actions. *Southers v. City of Farmington,* 263 S.W.3d 603, 611 (Mo. banc 2008). A public entity such as St. Louis County is generally protected by sovereign immunity from suit except for claims arising from dangerous conditions of property and motor vehicles. *Phelps v. City of Kansas City,* 371 S.W.3d 909, 912 (Mo.Ct.App. 2012); *Rodgers v. City of North Kansas City,* 340 S.W.3d 154, 158 (Mo.Ct.App. 2011). Neither such exception applies here. Inasmuch as plaintiff has not included any exceptions to the sovereign immunity statute, Defendant St. Louis County asks the Court to dismiss plaintiff's lawsuit against it with prejudice.

WHEREFORE, for the above stated reasons, Defendant St. Louis County asks the Court to dismiss the claims in Count II with prejudice.

PETER J. KRANE
COUNTY COUNSELOR


  /s/ Priscilla F. Gunn
Priscilla F. Gunn #29729MO
Assistant County Counselor
41 S. Central, Ninth Floor
Clayton, MO  63105
Pgunn@stlouisco.com
(314) 615-7042
(314) 615-3732 (fax)

CERTIFICATE OF SERVICE

A copy of this pleading was served on all counsel of record through the Court's electronic filing system this 3rd day of December, 2015.