UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DORNELLA CONNER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 4:15-cv-01703-JAR |
|  | ) |  |
| ST. LOUIS COUNTY, MISSOURI, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant St. Louis County, Missouri's ("the County") motion to dismiss (Doc. 5). The issues are fully briefed and ready for disposition. For the following reasons, the Court will grant the motion in part, dismiss Count II in part and without prejudice, and grant Plaintiff Dornella Conner leave to amend her complaint.

**I. Background**

The facts in this 42 U.S.C. § 1983 action, in the light most favorable to Conner, are as follows. On November 25, 2014, De'Angelas Lee was driving a vehicle in which Conner was a front-seat passenger (Am. Comp. (Doc. 4) ¶¶ 7-8). As the vehicle exited a gas station parking lot, a SWAT-like police vehicle ("SWAT vehicle"), bearing a St. Louis County Police Department ("SLCPD") logo, approached the gas station and attempted to enter the parking lot (Id. ¶¶ 10-11). As Lee's vehicle exited the parking lot, a SLCPD police officer, Officer Doe I, jumped out of the passenger side of the SWAT vehicle, and "open[ed] fire" into the passenger window of Lee's vehicle (Id. ¶ 14). Unknown projectiles from Officer Doe I's weapon, as well as broken glass, struck Conner's face, causing her serious physical injuries, including permanent loss of vision in her left eye (Id. ¶¶ 16-17). The petition alleges that Officer Doe I did not order Lee to

1

stop his vehicle, that Conner was not armed, and that she did not pose any physical threat to Officer Doe I or any other person (Id. ¶ 15, 18). Officer Doe II, a "field supervisor," was also in the SWAT vehicle during the incident (Id. ¶ 23). He did not intervene when Officer Doe I used force against Conner, and according to Conner, his failure to do so was the result of a SLCPD custom or practice (Id. ¶¶ 23-24).

According to Conner, the County failed to properly supervise its police officers, failed to conduct fair investigations into previous allegations that SLCPD officers had used excessive force, and thereby fostered and supported an environment that directly led to Officer Doe I's unconstitutional use of force against her (Id. ¶¶ 26-27). Conner further alleges that the County and Officer Doe II developed and promulgated "customs, policies, and/or practices of unconstitutional conduct in violation of the Fourth Amendment," including (1) conducting stops or detentions without reasonable suspicion, (2) discharging weapons without probable cause, (3) using unnecessary and unreasonably excessive force against citizens, and (4) creating an atmosphere in which its officers felt free to confront citizens at their discretion and without lawful authority, i.e., for merely exiting a gas station parking lot (Id. ¶ 29).

Conner's complaint indicates that she is suing Officer Doe I and Officer Doe II in both their individual and official capacities, and asserts three counts (Id. ¶¶ 3-4, 31-49). In Count I, Conner claims that Officer Doe I violated her clearly established rights to be free from excessive force and to not be deprived of liberty without due process of law (Id. ¶¶ 31-36). In Count II, she alleges that Officer Doe II and the County had a custom or policy of "negligently hiring and retaining officers, failing to properly train and/or supervise officers in the use of excessive force . . . , and in failing to conduct fair and impartial investigations"; and that her injuries were directly and proximately caused by "failures, negligence and/or carelessness" of Officer Doe II and the

County (Id. ¶¶ 37-44). In Count III, she claims that Officer Doe II—in his individual and official capacities—"with knowledge and deliberate indifference to and/or reckless disregard for the rights of the citizens of St. Louis County, has tolerated, created, failed to correct, promoted, or ratified a custom, pattern, and practice on the part of St. Louis County police officers who engage in unjustified, unreasonable, and/or illegal use of excessive force, including deadly force." She also claims that Officer Doe II knew or should have known that the inadequate training and supervision would result in the use of excessive force by Officer Doe I and other SLCPD officers (Id. ¶¶ 45-49).

## II. The County's Motion to Dismiss

The County now moves to dismiss Count II, arguing that it does not state a plausible § 1983 claim against the County; that it states only a claim of negligence under Missouri law; and that the County enjoys sovereign immunity from negligence claims pursuant to Mo. Rev. Stat. § 537.600 (Docs. 5-6).[1] In response, Conner contends that Count II asserts more than a state-law negligence claim. More specifically, she argues that Count II states a viable § 1983 claim against the County because it incorporates her allegations that the County failed to supervise its police officers, failed to conduct fair investigations into complaints that officers had used excessive force, and thereby fostered an environment that directly led to Officer Doe I's use of excessive force against her. She further contends that Count II states a § 1983 claim against the County because it incorporates her allegation that the County had unconstitutional policies or customs of negligently hiring and retaining SLCPD officers and failing to properly supervise them or to train them in the use of excessive force. Alternatively, Conner seeks leave to amend

---

[1] The County erroneously states that Count II is the only claim asserted against it. Kentucky v. Graham, 473 U.S. 159, 165 (1985) (official capacity suits are, in all respects other than name, to be treated as suits against the entity).

her complaint either to allege that the County has waived its sovereign immunity by procuring an insurance policy, see Mo. Rev. Stat. § 537.610; or to otherwise remedy any pleading defects (Doc. 8).

**III. Motion to Dismiss Standard**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard of Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint must show that the pleader is entitled to relief, in order to give the defendant fair notice of what the claims are and the grounds upon which they rest. Id.

Federal Rule of Civil Procedure 12(b)(6) provides for a motion to dismiss based on the failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S .Ct.1937, 1950 (2009). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. A complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. Id. at 562. This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." Id. at 556. When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true and liberally construe the complaint in the light most favorable to the plaintiff. Kottschade v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir. 2003). The Court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences

and sweeping legal conclusions cast in the form of factual allegations." Wiles v. Capitol Indem. Corp., 280 F.3d 868, 870 (8th Cir. 2002).

**IV. Analysis**

The Court will grant the County's motion to dismiss Count II in part and without prejudice. Count II states a viable § 1983 claim against the County arising out of allegedly unconstitutional policies or customs involving SLCPD officers conducting unlawful stops and detentions, discharging their weapons without probable cause, using unnecessary and unreasonably excessive force, and creating an atmosphere wherein officers felt free to confront citizens without lawful authority. However, Count II does not state a § 1983 claim arising out of Conner's allegation that the County had a custom of negligently hiring, supervising, and training SLCPD officers.

It is well established that a municipality cannot be held liable, on a respondeat superior theory, for the unconstitutional conduct of its agents and employees. Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978). However, a municipality may be liable under § 1983 if the unconstitutional conduct was a result of an official municipal policy or custom. Id. at 690-91. An official policy involves "a deliberate choice to follow a course of action made from among various alternatives by an official who is determined by state law to have the final authority to establish governmental policy." Ware v. Jackson Cty., Mo., 150 F.3d 873, 880 (8th Cir. 1998). A municipal policy may take the form of a policy statement, local ordinance, regulation, or decision officially adopted and promulgated by the municipality's officers. Id. In contrast, a municipal custom is demonstrated by (1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the municipality's employees; (2) deliberate indifference to or tacit authorization of such conduct by the municipality's policymaking

officials after notice of the misconduct; and (3) the § 1983 plaintiff's injury by state action taken pursuant the municipality's custom, i.e. proof that the custom was the moving force behind the constitutional violation. Id.

To state a § 1983 claim against a municipality, a plaintiff must plead that his injury was caused by "the execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." Id. Such a showing ultimately requires proof of either the existence of an official municipal policy or misconduct so pervasive among non-policymaking employees of the municipality as to constitute a custom or deliberate indifference to individuals' federal rights. Ware v. Jackson Cty., Mo., 150 F.3d 873, 880 (8th Cir. 1998). Where a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a "policy" by demonstrating that the inadequacies were a product of deliberate or conscious choice by policymakers. Szabla v. City of Brooklyn Park, Minn., 486 F.3d 385, 390 (8th Cir. 2007) (citing City of Canton v. Harris, 489 U.S. 378 (1989)). In such cases, the standard of fault is "deliberate indifference to constitutional rights." Id. (internal quotations omitted). Where a § 1983 plaintiff does not claim that the municipal-defendant directly inflicted her injury, but instead alleges that it has caused an employee to do so, "rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." Id. (quoting Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 404-05 (1997)).

The Court concludes that Conner has stated a plausible § 1983 claim against the County based on some of its allegedly unconstitutional policies or customs. More specifically, Conner has stated a municipal liability claim based on SLCPD officers conducting unlawful stops and

6

detentions, discharging their weapons without probable cause, and using unnecessary and unreasonably excessive force. Conner alleges that the County created an atmosphere in which SLCPD officers felt free to confront citizens at their discretion and without lawful authority, i.e., for merely exiting a gas station parking lot. The allegations suggest that the Doe officers acted pursuant to a County policy given the plausible inference that such coordinated and widespread conduct could not exist without express or tacit approval by County policymakers. As alleged by Conner, the Doe Officers' conduct was not an isolated incident; rather, she claims that their actions were part of a continuing County practice of condoning SLCPD officers' use of excessive force in violation of citizens' constitutional rights. Accordingly, the Court finds a reasonable fact finder could conclude that the Doe Officers' allegedly excessive use of force was undertaken with the actual or tacit approval of the City.

The Court concludes however, that Conner's complaint does not state a § 1983 claim against the County based on its allegedly inadequate hiring, supervision, and training of SLCPD officers. A municipality cannot be held liable under § 1983 for negligently hiring its employees. Brown, 520 U.S. at 415-16. As discussed above, the standard of fault in municipal liability claims is "deliberate indifference." Szabla, 486 F.3d at 390. To state a claim against a municipality based on an isolated decision to hire a particular officer without adequate pre-employment screening, a plaintiff must allege that the municipality's decision to hire the offending officer, made with deliberate indifference as to its known or obvious consequences, caused her injuries. Atkinson v. City of Mountain View, Mo., 709 F.3d 1201, 1216 (8th Cir. 2013); see also Dougherty v. City of Covina, 654 F.3d 892, 900-01 (9th Cir. 2011) (allegation of "negligent" hiring was insufficient to state § 1983 claim against municipality because plaintiff did not identify any instances of deliberate indifference). Where, as here, a claim is based on the

negligent hiring of a police officer who later uses excessive force, a plaintiff must allege that the municipality's hiring decision "reflected a conscious disregard for a high risk that [the officer] would use excessive force in violation of [the plaintiff's] federally protected right." Id. The plaintiff must also show that the offending officer was "highly likely to inflict the particular injury" and that "the connection between the background of the particular applicant and the specific constitutional violation alleged must be strong." Id. Similarly, in a failure-to-train claim against a municipality, the plaintiff must allege that the municipality's training practices were inadequate; that the municipality was deliberately indifferent to the rights of others in adopting the inadequate practices, such that the failure to train reflects a deliberate or conscious choice; and that the alleged deficiency actually caused the plaintiff's injuries. Parrish v. Ball, 594 F.3d 993, 997-98 (8th Cir. 2010). Count II does not state a viable § 1983 claim against the County based on its allegedly inadequate policies for SLCPD officer hiring and training, as it alleges that the County was merely negligent in those regards. As such, Conner's allegations regarding the County's hiring and training practices, fairly read, state at most a claim of negligence under Missouri law. The Court agrees with the County that it enjoys sovereign immunity from Conner's negligence claim because her complaint does not allege that it has procured an insurance policy. Mo. Rev. Stat. § 537.610; see also Bennartz v. City of Columbia, 300 S.W.3d 251, 259 (Mo. Ct. App. 2009) (public entities in Missouri are not immune from suit to the extent they have procured insurance, thereby waiving sovereign immunity up to but not beyond the policy limit and only for acts covered by the policy). The Court will thus grant the County's motion to dismiss to the extent it seeks dismissal of Conner's claims against the County based on its hiring, supervising, and training practices. The Court will grant Conner leave to amend her complaint should she so desire. Fed. R. Civ. P. 15(a)(2); In re Hutchinson Tech., Inc. Sec. Litig.,

536 F.3d 952, 962 (8th Cir. 2008) (leave to amend should be freely granted when justice so requires).

## V. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant County of St. Louis's Motion to Dismiss (Doc. 5) is **GRANTED in part**. Count II is **DISMISSED in part and without prejudice**.

**IT IS FURTHERED ORDERED THAT** Conner shall have ten (10) days from the date of this Memorandum and Order to amend her complaint should she so choose.

Dated this 31st day of August, 2016.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE